LABARGA, C.J.,
concurring in part and dissenting in part.
Although I concur with the majority in affirming Martin’s conviction and his sentence of death, I write in dissent to the majority’s conclusion that the trial court properly found CCP as an aggravating circumstance. As the majority opinion correctly states, the following four factors must exist in order to find CCP:
(1) the killing must have been the product of cool and calm reflection and not an act prompted by emotional frenzy, panic, or a fit of rage (cold); and (2) the defendant must have had a careful plan or prearranged design to commit murder before the fatal incident (calculated); and (3) the defendant must have exhibited heightened premeditation (premeditated); and (4) there must have been no pretense of moral or legal justification.
Lynch v. State, 841 So.2d 362, 371 (Fla.2003). Contrary to the majority view, I do not believe that Martin’s conduct exhibited the heightened premeditation that CCP requires. With respect to a trial court’s finding of heightened premeditation, this Court has stated:
Simple premeditation of the type necessary to support a conviction for first-degree murder is not sufficient to sustain a finding that a killing was committed in a cold, calculated, and premeditated manner. A heightened form of premeditation is required which can be demonstrated by the manner of the killing. To achieve this heightened level of premeditation, the evidence must indicate that a defendant’s actions were accomplished in a calculated manner, i.e., by a careful plan or a prearranged design to kill.
Besaraba v. State, 656 So.2d 441, 444 (Fla.1995) (quoting Holton v. State, 573 So.2d 284, 292 (Fla.1990)).
The evidence in this case is inconsistent with a finding that Martin had “a careful plan or a prearranged design to kill.” Besaraba, 656 So.2d at 444 (quoting Holton, 573 So.2d at 292). Instead of a murder that was carried out as a result of a plan or prearranged design, Daniels’ death was spontaneously triggered by Batie’s observation that Daniels may have been the person who shot him days before. Martin took Batie’s gun, approached Daniels, and began shooting. Thus, the evidence reveals a murder that was abruptly committed while “using [a] hastily obtained weapon[ ] of opportunity.” Mahn v. State, 714 So.2d 391, 398 (Fla.1998).
*1200 In light of the trial court’s finding of two particularly weighty aggravating circumstances, HAC and prior violent felony, I conclude that the finding of CCP was harmless error. Nonetheless, as to this Court’s conclusion that the trial court properly found CCP, I dissent.
PARIENTE and PERRY, JJ., concur.